IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

KENNETH ANTWON LEVERETT, )
)
Petitioner, )
)
v. ) CV 113-096
)
RICHARD ROUNDTREE, Sheriff, )
Richmond County, )
)
Respondent. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Kenneth Antwon Leverett, a pre-trial detainee presently confined at the Charles B. Webster Detention Center in Augusta, Georgia, brought the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**.[1]

## I. BACKGROUND

Petitioner alleges that he has been charged by indictment with one count of aggravated child molestation in the Superior Court of Richmond County in Augusta, Georgia, in case number 2011RCCR1408. (Doc. no. 1, pp. 1, 5.) Petitioner reports that he was arraigned on October 29, 2011, and that he entered a plea of not guilty. (Id. at 5.)

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing a response to the instant petition. 28 U.S.C. § 2243.

Petitioner asserts that his rights under the Sixth and Fourteenth Amendments have been violated, as he has been a pretrial detainee since March of 2011 and there has been "no action" in his case, and because he has not received assistance of counsel and he has experienced a "blanket denial of access to the courts." (See id. at 5-6.)

According to Petitioner, he has learned that the "witness/victim no longer wanted to prosecute the case due to a fabracated (sic) story about false abuse that did not occur." (Id. at 5-6.) Petitioner alleges that he informed his former attorney, Hugh Hadden, of the "evidence of actual innocence," and that "the case has been seriously haulted (sic) and Petitioner has been and continues to be harassed to plead guilty to bogus charges of crimes that he did not commit." (Id. at 6-7.) Petitioner also reports that, on an unspecified date, he was notified by the Public Defender's Office that Mr. Hadden would no longer represent him due to a conflict of interest, and that "no effort has been made to appoint Petitioner with private counsel because the Georgia Public Defender Standards Council has not been able to have Georgia Governor Nathan Deal to grant a waiver for funds to appoint lawyers in cases like Petitioner['s]." (Id. at 6.)

Notably, in contrast to Petitioner's report, public records maintained on the website for the City of Augusta, Georgia, indicate that there are currently two attorneys assigned to Petitioner's underlying criminal case, Mr. Hadden and Peter D. Johnson, and that an entry of appearance was made in the case on April 23, 2013, simultaneously with demands for an indictment, a list of witnesses, and witness statements, and requests for discovery. See http://www.augustaga.gov/index.aspx?nid=421 (click "Yes I agree," then select "Criminal Search" and search case number "2011RCCR01408") (last visited June 20, 2013). The

Court takes judicial notice of these facts. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (noting that a court may take judicial notice of another court's records to establish the existence of ongoing litigation and related filings).

In any event, Petitioner states that he did not exhaust his state remedies with respect to the claims in the instant petition because he does not have "access to law library," but that he filed a grievance at the Charles B. Webster Detention Center on May 29, 2013, which was denied, wherein he complained of "denial of access to the courts," his lack of law library access, and his inability to get the "appropriate forms."[2] (Id. at 5, 8.) Petitioner requests that "Respondent be ENJOINED" – he does not specify from what – and that the Court order his release from custody. (Id.)

## II. DISCUSSION

Pretrial § 2241 petitions, like all habeas petitions, are subject to an exhaustion requirement. See Wilkinson v. Dotson, 544 U.S. 74, 79 (2005) (noting that all habeas corpus actions "require a petitioner to fully exhaust state remedies"); Thomas v. Crosby, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."); Tooten v. Shevin, 493 F.2d 173, 175 (5th Cir. 1974)[3] (noting in the context of a pre-trial detainee's federal habeas petition that "[a]lthough federal courts have the power to release

---

[2]Petitioner also reports that "any other hand written grievances" filed prior to December 21, 2012, were "either lost or destroyed," but he does not provide any details about what matters he raised in those grievances. (Doc. no. 1, p. 6.)

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981.

3

state prisoners before trial, the exhaustion requirement must be fulfilled").

The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

Id. at 845. The Eleventh Circuit has made clear that "[g]enerally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).

With regard to the claims asserted in the instant petition, Georgia law allows pretrial detainees to raise such claims during their state criminal proceedings or collaterally in a state habeas corpus action. See Kearse v. Paulk, 448 S.E.2d 369, 370 (Ga. 1994) (claim of denial of assistance of counsel during pretrial detention was properly raised during state criminal proceedings); Perera v. Miller, 662 S.E.2d 544, 544 (Ga. 2008) (noting that criminal defendants can bring speedy trial claim during the course of criminal proceedings); Sechler

4

v. State, 730 S.E.2d 142, 145-50 (Ga. Ct. App. 2012) (reviewing denial of motion for discharge and acquittal filed with superior court which asserted denial of speedy trial right based on 44-month pretrial delay); Banks v. Waldrop, 531 S.E.2d 708, 708 (Ga. 2000) (holding that challenge to pretrial detention based on contention of improper denial of bail is properly brought in state habeas petition). This of course includes the issue of Petitioner's alleged innocence of the offense with which he is charged, which will obviously be litigated in his pending criminal proceedings.[4]

Petitioner has conceded that he has not exhausted his state remedies, and there is indeed nothing in the record to suggest that he has filed a state habeas petition or sought any other any relief in state court. The Court is aware of Petitioner's vague assertions of "denial of access to the courts," lack of law library access, and inability to get the "appropriate forms." (Doc. no. 1, pp. 5, 6.) Petitioner does not allege, however, that he has attempted to seek relief in state court and had his filings rejected because he lacked the proper "form." Moreover, it is clear from the instant filing that Petitioner has full access to the prison

---

[4]Petitioner also claims that he is being denied access to the courts. While this claim is markedly vague and also unexhausted, the Court notes that such a challenge to the conditions of his confinement is properly raised under 42 U.S.C. § 1983 rather than in a federal habeas corpus petition. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging *the fact* of confinement "fall within the 'core' of habeas corpus," while claims challenging the *conditions* of confinement may be brought in a civil rights action under 42 U.S.C. § 1983). As for Petitioner's assertion that he "states a claim" under Georgia's criminal false imprisonment statute, (doc. no. 1, p. 7), the law is well settled that "a private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another." Otero v. U.S. Att'y Gen., 832 F.2d 141, 141 (11th Cir. 1987) (citing Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973)); see also Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988) (holding that there is no constitutional right for a member of the public, as a victim, to have defendants, including state officials, criminally prosecuted). Accordingly, Petitioner's attempt to have the Court initiate criminal proceedings under state law within this federal civil action is wholly improper.

mailing system, such that he faces no apparent impediment to seeking the relief sought here in state court. Therefore, the Court finds that Petitioner has failed to satisfy the exhaustion requirement, and concludes that the instant petition should be dismissed without prejudice so that Petitioner may exhaust available state remedies.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and **CLOSED**. Because the Court has recommended dismissing the instant petition for failure to exhaust, the Court further **REPORTS** and **RECOMMENDS** that Petitioner's Motion to Expedite be **DENIED** as **MOOT**.[5] (Doc. no. 3.)

SO REPORTED and RECOMMENDED this 2nd day of July, 2013, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE

---

[5]Petitioner requests that the Court expedite proceedings in "all habeas corpus cases" in which Sheriff Roundtree is a named respondent, including the instant case. (Doc. no. 3.) To the extent Petitioner seeks such relief in this case, his request is moot in light of the Court's recommendation that the instant petition be dismissed. Petitioner's remaining request is also moot because he may not request relief in other cases to which he is not a party.